**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dealer Computer Services, Inc., et al., | No. CV 07-0748-PCT-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Fullers' White Mountain Motors, Inc., et al., | |
| Defendants. | |

The Rule 16 deadlines in this case required the party with the burden of proof to disclose experts by February 1, 2008, the responding party to disclose experts by March 7, 2008, and rebuttal experts to be disclosed by April 11, 2008. Doc. #21 at 2. Discovery closes on June 6, 2008 and dispositive motions are due by July 11, 2008. *Id.* at 2, 4.

On March 3, 2008, Defendants moved for an extension of time to make responsive expert disclosures. Doc. #43. In violation of Local Rule Civ. 7.3(b), Defendants failed to represent the position of the opposing party. Defendants argue that because they suspected opposing counsel would not consent, they should not be held to the requirements of the local rules. Generally, this Court disagrees. More importantly, Defendants' failure to advise the Court of the parties' positions caused the Court to be unable to rule on the motion before Defendants' March 7, 2008 deadline expired because the Court had to allow the briefing time on the motion to run. Thus, if the Court denies the motion, the Court will not aid Defendants out of a situation created by their own failure to follow the Local Rules.

As to the merits of the motion, Defendants seek an extension of time in essence until after the Court's ruling on the motion to disqualify counsel due to Plaintiffs' unwillingness to conduct depositions without the counsel Defendants sought to disqualify being present.[1] Plaintiffs respond and claim Defendants have never asked to take any depositions without the presence of the attorney Defendants sought to disqualify. Defendants reply and claim they withdrew a notice of deposition because Plaintiffs wanted the disputed attorney to be present. The Court has no ability on this record to determine who is accurate on who is not.

However, the Court finds any dispute of this nature — who is permitted to be present at depositions — is a discovery dispute, governed by this Court's Rule 16 scheduling order (Doc. #21, page 4, lines 10-18). Therefore, giving Defendants the benefit of the doubt that they elected not to proceed with discovery because Plaintiffs would not go forward without the disputed attorney, Defendants were bound to contact the Court regarding this discovery dispute, in the manner outlined in this Court's scheduling order. Instead, Defendants took no action other than wait until four days before their deadline ran to file a motion that the Court could not resolve within the deadline. Moreover, Defendants have not articulated what discovery they forwent, nor how such lack of discovery caused them to be unable to make their expert disclosures. For both of these reasons, the Court does not find the motion to show good cause for the extension. Fed. R. Civ. Pro. 6(b)(1).

Finally, in their reply, Defendants argue that Plaintiffs' expert disclosures were so deficient that Defendants could not respond to them. If true, again this would be a discovery dispute governed by this Court's Rule 16 scheduling order. Further, if Plaintiffs' disclosures were in fact this deficient, such deficiency would not be cured by Defendants getting an extension of time to respond. In other words, any extension for Defendants would not change Defendants' ability to respond to a disclosure that was so inadequate that Defendants could not respond to it within the deadline. Therefore, the Court does not find this to be good cause for an extension.

---

[1] This motion has now been resolved.

1. Based on the foregoing,
2. **IT IS ORDERED** that the motion for extension of time (Doc. #43) as modified (Doc. #45) is denied;
3. **IT IS FURTHER ORDERED** that the discovery deadline of June 6, 2008 and the dispositive motion deadline of July 11, 2008 are confirmed.

DATED this 7th day of April, 2008.

_____
James A. Teilborg
United States District Judge